UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

NOLAN O'CONNELL,  Case No. 20-cv-1864

    Plaintiff,

vs.

RECKERS LLC,

and

CARNOW ACCEPTANCE COMPANY
A/K/A BYRIDER FINANCE, LLC,

    Defendants.

## COMPLAINT

NOW COMES Plaintiff Nolan O'Connell, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendants Reckers LLC and Carnow Acceptance Company a/k/a Byrider Finance, LLC, and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### NATURE OF THE ACTION

1. This lawsuit arises from the collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*, and Wisconsin common law and statutes.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act, Wisconsin statute and common law, under 28 U.S.C. §1367, because these claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

## PARTIES

8. Plaintiff Nolan O'Connell (hereinafter "Plaintiff") is a natural person who resides in Kewaunee County, Wisconsin.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

10. Defendant CarNow Acceptance Company a/k/a Byrider Finance, LLC (hereinafter "Defendant CNAC") is a business with a principal office located at 12802 Hamilton Crossing Blvd., Carmel, IN 46032, and registered agent Jeffrey B. Higgins, at the same address.

11. Defendant CNAC is a "debt collector" as defined by Wis. Stat. § 427.103(3).

12. Defendant CNAC is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondent superior, agency, and vicarious liability.

13. Defendant Reckers LLC (hereinafter "Defendant Reckers") is a business with a principle office at 1024A West Wisconsin Ave., Appleton, WI 54914. Defendant's registered agent is Scott Alan Recker, at the same address.

14. Defendant Reckers regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

15. Defendant Rekers is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

**BACKGROUND**

16. On or about January 5, 2020 Plaintiff entered into retail installment contract with Defendant CNAC. The loan was for less than $25,000 and primarily for family, household, and personal purposes.

17. This loan was secured against a vehicle, a 2010 Nissan Murano ("the vehicle").

18. After purchase, Plaintiff suffered a job loss and fell behind on his payments to Defendant CNAC.

19. Defendant Reckers was retained by Defendant CNAC to repossess Plaintiff's vehicle.

20. On December 14, 2020, Defendant Reckers went to Plaintiff's residence to repossess Plaintiff's vehicle.

21. Plaintiff verbally protested the repossession.

22. Defendant Reckers continued with, and thereafter completed the repossession, over Plaintiff's verbal protest.

23. Defendant CNAC is liable for the acts of Defendant Reckers and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

**COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692) BY DEFENDANT RECKERS ONLY**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing deliberate acts by Defendant Reckers constitute violations of the FDCPA, under 15 U.S.C. § 1692f(6).

26. Specifically, Defendant Reckers could not legally take the vehicle due to the protest by Plaintiff.

27. As a result of the above violation of the FDCPA, Plaintiff has suffered emotional distress and loss of property, constituting actual damages pursuant to 15 U.S.C. §1692k(a)(1).

28. Defendant Reckers is liable to Plaintiff for his actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

**COUNT 2 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (WIS. STAT. § 425) – ALL DEFENDANTS**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace…"

31. A breach of the peace occurs when the property is taken over the objection of the debtor. *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449 (WI Ct. App. 1993).

32. A breach of the peace occurred when the vehicle was taken after Plaintiff protested it's taking.

33. Defendant CNAC is liable for the acts of Defendant Reckers and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

34. Under Wis. Stat. § 425, Plaintiff is seeking actual damage, punitive damages, to have the vehicle lien avoided, return of the vehicle (or the fair market value of the vehicle), seeking the return of payments already made towards the vehicle, and seeking reimbursement of attorney fees and costs.

### COUNT 3 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT
### (WIS. STAT. 427) – ALL DEFENDANTS

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The amount that Defendants were attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

37. Defendants violated § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since they had no right to repossess Plaintiff's vehicle.

38. Defendants' conduct violated § 427.104(1)(j) in that they did not have a right to repossess the vehicle because they knew that they had not complied with the law governing the repossession of vehicles.

39. As a result of the illegal conduct, Plaintiff has suffered emotional distress, mental anguish, and loss of property.

40. Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427.105.

## TRIAL BY JURY

41. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) as to Defendant Reckers;
B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) as to Defendant Reckers;
C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) as to Defendant Reckers;
D. actual damages, punitive damages, for the vehicle lien to be avoided, return of the vehicle, the return of payments already made towards the car, and seeking reimbursement of attorney fees and costs under Wis. Stat. § 425 as to all Defendants;
E. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427 as to all Defendants;
F. for such other and further relief as may be just and proper.

Dated this 16th day of December, 2020.

s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Dr, Suite 109
Brookfield, WI 53005
(414) 377-0515
nathan@dela-law.com

*Attorney for the Plaintiff*